IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Emily J. Thompson, *Individually and as Trustee of Olive Branch Family Trust*, | ) ) ) | C/A No. 5:25-9183-SAL-PJG |
| Plaintiff, | ) ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| RTO National LLC; Trace Dillon, | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Emily J. Thompson, proceeding *pro se*, brings this civil action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that this case should be summarily dismissed without prejudice and issuance and service of process.[1]

**I.      Factual and Procedural Background**

Plaintiff purports to bring this action on behalf of herself and as trustee for Olive Branch Family Trust (the "Trust"). Plaintiff alleges that the Trust filed a verified complaint against Defendant RTO National, along with a cease-and-desist order, and "perfected UCC-1 lien." (ECF

---

[1] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 13.) Plaintiff's previous motion for leave to proceed *in forma pauperis* is denied as moot. (ECF No. 3.)

Also before the court is Plaintiff's motion for default judgment. (ECF No. 5.) That motion is denied as premature. The defendants cannot be in default when they have not yet been served. See Fed. R. Civ. P. 55.

No. 1 at 2.) Plaintiff alleges that Defendant RTO National failed to respond to the complaint and "continued to harass, threaten, and misrepresent legal authority to repossess trust-owned property." (Id.) She alleges that Defendant RTO National then "unlawfully" initiated a state court action against Plaintiff "without valid service or process."[2] (Id.)

Attachments to the Complaint illuminate Plaintiff's claims. Defendant RTO National is a private finance company specializing in lease purchase and finance options for HVAC units, sheds, and carports. Plaintiff transferred ownership of her HVAC units to the Trust and then attempted to satisfy the lien with a "negotiable instrument." She then submitted demand letters when Defendant RTO National initiated legal action in state court for payment and threatened to repossess the units.[3]

Plaintiff alleges that the defendants' conduct has caused financial and emotional harm. She seeks monetary damages and an order permanently enjoining the defendants from future collection or repossession efforts.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which

---

[2] Defendant Trace Dillon appears to be RTO National's attorney in the state court action.

[3] See C/A No. 2025-CP-38-00791 (Orangeburg Cty. Ct. of Comm. Pleas).

relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

**1.     Failure to Obtain Counsel for the Trust**

On August 5, 2025, the court issued an order informing Plaintiff that she could not proceed *pro se* on behalf of the Trust. (ECF No. 8.) The court granted Plaintiff twenty-eight days to obtain counsel. (Id.) Plaintiff has failed to obtain counsel and instead has filed two motions requesting that the court recognize her authority to represent the Trust. (See ECF Nos. 11, 12.) This is not relief the court can grant. As explained in the court's previous order, the statutory provision granting individuals the right to represent their own interests in court does not encompass a right

to represent the interests of others, including trusts.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney").

> Every court of appeals to address this issue has found that the rule barring litigants from appearing *pro se* on behalf of an artificial entity specifically bars trustees from appearing *pro se* on behalf of a trust.  See, e.g., J.J. Rissell, Allentown, PA Tr. V. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020) (holding that "a nonlawyer trustee has no authority to represent a trust in court" and would be "engaged in the unauthorized practice of law if allowed to appear pro se as a nonlawyer"); Marin v. Leslie, 337 F. App'x 217, 219 (3d Cir. 2009) (cautioning against "conflat[ing] standing with the rule of law prohibiting a pro se litigant from pursuing claims on another's behalf" and holding that "a trustee cannot proceed pro se on behalf of a trust"); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as the purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.").

Hargrove, Brander D., Tr. For Hargrove Empire Irrevocable Trust v. State Farm Mutual Automobile Ins. Co., C/A No. 5:25-433-FL, 2025 WL 2156830, at *1 (E.D.N.C. July 29, 2025).  Accordingly, Plaintiff's motions are denied.  Further, as the Trust is not represented by counsel, all claims filed on its behalf are null.  See Wright Pride Family Trust by and through Wright v. J.P. Morgan Chase Bank, N.A., C/A No. 2:25-5972-RMG-TER, 2025 WL 2582170, at *2 (D.S.C. Aug. 5, 2025), R&R adopted by 2025 WL 2581945 (D.S.C. Sep. 5, 2025) ("It necessarily follows from the jurisprudence prohibiting pro se representation that any pleading filed by the Trust must be disregarded as a nullity since counsel has not been retained.  Likewise, all motions filed by the Trust are a nullity.").

### 2.     Lack of Subject Matter Over Individual Claims

Plaintiff purports to bring this case on behalf of herself and the Trust. However, her allegations and request for relief concern only Trust property and the defendants' attempts to repossesses Trust property or collect a debt owed by the Trust. It therefore appears that all claims are, in fact, brought by the Trust and are therefore subject to summary dismissal for the reasons above. However, to the extent any of Plaintiff's claims could be construed to advance her individual interests, Plaintiff fails to show that the court has subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331 , and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332.  As discussed below, the allegations contained in Plaintiff's Complaint do not fall within the scope of either of these forms of this court's limited jurisdiction.  And no other basis for federal jurisdiction is apparent from the Complaint.

First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff asserts that federal question jurisdiction exists because "this matter involves federal questions and civil rights violations."  (ECF No. 1 at 1.)  She further "asserts federal jurisdiction under TILA," which the court presumes refers to the Truth in Lending Act, 15 U.S.C. §§ 1601, et. seq.  (Id. at 2.)  However, Plaintiff's Complaint alleges merely that the defendants have attempted to collect a debt owed by the Trust and have possibly failed to properly serve a state court complaint.  To the extent Plaintiff alleges that the debt has been satisfied through the provision of UCC instruments and that the defendants did not properly effectuate service of their state court complaint, those matters may be litigated before the state court in the still-pending action.  Those allegations do not, however, support a claim of a federal civil rights or statutory violation.  Therefore, federal question jurisdiction does not exist in this case.  See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that where the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," subject matter jurisdiction does not exist over that claim) (citing Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)); See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or

application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). Here, while Plaintiff did not plead the parties' citizenship, Plaintiff's submissions to the court show that all parties are citizens of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

### III.  Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process and that Plaintiff's motion for a temporary restraining order (ECF No. 4) be denied. In addition, Plaintiff's motions for authority to proceed *pro se* on behalf of a trust are denied. (ECF Nos. 11, 12.)

_____
September 29, 2025                             Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).