IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emily J. Thompson, *Individually and as Trustee of Olive Branch Family Trust*,<br><br>  Plaintiff,<br><br>v.<br><br>RTO National LLC and Trace Dillon,<br><br>  Defendants. | Case No.: 5:25-cv-9183-SAL<br><br><br><br>**ORDER** |

Emily J. Thompson ("Thompson"), proceeding pro se, brings this civil action. This matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. After reviewing the complaint, the magistrate judge issued a report and recommendation ("Report") recommending the action be summarily dismissed without service of process. [ECF No. 19.] Thompson filed timely objections. [ECF No. 23.] For the reasons below, the court adopts the Report.

**I.    Review of a Report and Recommendation**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the

1

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

The Fourth Circuit has instructed district courts that pro se filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 (4th Cir. 1994). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## II. Discussion

Thompson initially purported to bring this action on behalf of herself and as trustee for Olive Branch Family Trust (the "Trust"). In a two-page complaint, she seeks both injunctive and monetary damages, alleging that the Trust filed a complaint against Defendant RTO National ("RTO"), along with a cease-and-desist order and "perfected UCC-1 lien." [ECF No. 1 at 2.] Thompson claims RTO failed to respond to the complaint and "continued to harass, threaten, and misrepresent legal authority to repossess trust-owned property." *Id.* She alleges RTO then unlawfully initiated a state court action against her without valid service of process. *Id.*

Attachments to the complaint expand on Thompson, the Trust, RTO, and the controversy between them. *See* ECF Nos. 1-2 through 1-9. As detailed in the Report, RTO is a private finance company specializing in lease purchase and finance options for HVAC units, sheds, and carports. [ECF No. 19 at 2.] Thompson transferred ownership of her HVAC units to the Trust and then attempted to satisfy the lien with a "negotiable instrument." *Id.* When RTO initiated legal action in state court for payment and threatened repossession, she sent demand letters. *Id.* Thompson

alleges Defendants' conduct harmed her and seeks monetary damages and a permanent injunction barring further collection or repossession efforts. *Id.*

The magistrate judge found that this case is subject to summary dismissal. If Thompson's claims are brought on behalf of the Trust, she cannot proceed without counsel. *See Id.* at 3–4. And even if she asserts claims solely on her own behalf, she has failed to establish subject matter jurisdiction. *Id.* at 5–7.

Federal courts are courts of limited jurisdiction, and "possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Alapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As a court of limited jurisdiction, the court is presumed to lack jurisdiction unless evidence to the contrary affirmatively appears. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of proving subject matter jurisdiction exists. *Overton v. Beaufort Jasper Hampton Comprehensive Health Services, Inc.*, 9:20-cv-2958, 2021 WL 2647026, at *1 (D.S.C. June 28, 2021).

As explained in the Report, Thompson's complaint fails to invoke the court's subject matter jurisdiction. *See* ECF No. 19 at 6. In her objections, Thompson clarifies that she intends to proceed "solely as an individual litigant" and "acknowledges . . . that a trust may not proceed pro se[.]" [ECF No. 23 at 2–3.] This concession, however, does not cure the jurisdictional deficit. Thompson fails to address subject matter jurisdiction in her objections. The complaint asserts federal jurisdiction based on federal questions and civil rights violations. [ECF No. 1 at 1.] It also references the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq. *Id.* at 2. But as the magistrate judge explained, the essence of Thompson's complaint is that RTO improperly attempted to collect a debt owed by the Trust and failed to properly serve her in state court proceedings. *See* ECF No. 19 at 6. Such cursory references to federal civil rights and statutory

violations, without more, are insufficient to invoke federal jurisdiction. *See id.* The mere assertion that a case is one involving the application of federal laws does not authorize the district court to entertain the suit nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated. *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973); *Wilson v. Dominion Energy*, No. 3:23-CV-04973-SAL, 2024 WL 2269452, at *2 (D.S.C. May 20, 2024) ("The mere recitation of federal laws in a complaint does not establish subject matter jurisdiction."). Nor is there basis for diversity jurisdiction. *See* ECF No. 19 at 7. Accordingly, Thompson's objections are overruled, and the court concludes it lacks subject matter jurisdiction.

### III. Conclusion

After a de novo review of the Report, the applicable law, and the record of this case, the court hereby adopts the Report, ECF No. 19, in its entirety, overruling Thompson's objections. This case is summarily dismissed without prejudice and without issuance and service of process. For these same reasons, Thompson's request for a temporary restraining order and preliminary injunction, ECF No. 4, is denied.

**IT IS SO ORDERED.**

October 20, 2025                             Sherri A. Lydon
Columbia, South Carolina                     United States District Judge